Sheryl J. Willert (WSBA # 8617)
Email:    swillert@williamskastner.com
Jeffery M. Wells (WSBA # 45840)
Email:    jwells@williamskastner.com
WILLIAMS KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: +1 206-628-2408
Facsimile: +1 206-628-6611

Michele Haydel Gehrke (admitted *pro hac vice*)
Email:    mgehrke@reedsmith.com
Garrett C. Parks (admitted *pro hac vice*)
Email:    gparks@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:  + 1 415 543 8700
Facsimile:  +1 415 391 8269

Attorneys for Defendant,
Equilon Enterprises LLC d/b/a Shell Oil
Products US

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ADAM FILBY,<br><br>             Plaintiff,<br><br>vs.<br><br>EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, a Delaware Corporation, and its parents, subsidiaries, successors, affiliates and assigns,<br><br>             Defendants. | Case No.: 2:18-CV-01796-JCC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**<br><br>Honorable John C. Coughenour |

Defendant Equilon Enterprises LLC dba Shell Oil Products US ("Shell"), respectfully submits this Answer and Affirmative Defenses to Plaintiff Adam Filby's ("Plaintiff") Complaint for Discrimination and Retaliation (the "Complaint").

– 1 –

## I. PARTIES

1.1 Shell lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 1.1 and, therefore, denies the same.

1.2 Shell admits the allegations in Paragraph 1.2 of the Complaint.

## II. JURISDICTION AND VENUE

2.1 Shell hereby incorporates its responses to Paragraphs 1.1 through 1.2 as if fully set forth herein.

2.2 The allegations in Paragraph 2.2 state conclusions of law to which no response is required. To the extent a response is deemed required, Shell denies the allegations.

2.3 The allegations in Paragraph 2.3 state conclusions of law to which no response is required. To the extent a response is deemed required, Shell denies the allegations.

2.4 The allegations in Paragraph 2.4 state conclusions of law to which no response is required. To the extent a response is deemed required, Shell denies the allegations.

2.5 The allegations in Paragraph 2.5 state conclusions of law to which no response is required. To the extent a response is deemed required, Shell denies the allegations.

## III. FACTUAL ALLEGATIONS

3.1 Shell hereby incorporates its responses to Paragraphs 1.1 through 2.5 as if fully set forth herein.

3.2 Shell lacks sufficient information to form a belief as to the truth of the allegations of the first three sentences of Paragraph 3.2 and, therefore, denies the same. Shell denies the allegations in the fourth sentence of Paragraph 3.2.

3.3 Shell admits it employed Plaintiff from around April 1, 1999 until around November 30, 2016, that his last job title with Shell was Business Improvement Plan Coordinator, and that he had received promotions during his employment at Shell. Shell denies the remaining allegations in Paragraph 3.3.

3.4 Shell admits that Plaintiff participated in the Puget Sound Refinery Military Network and in veteran recruiting efforts on behalf of Shell. Shell denies the remaining allegations in Paragraph 3.4.

DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

3.5     Shell admits that Ada Cuadrado supervised Plaintiff from approximately July 2015 through March 2016. Shell denies the remaining allegations in Paragraph 3.5.

3.6     Shell admits that Plaintiff disclosed his veteran status to Ms. Cuadrado and that Ms. Cuadrado's father is a veteran. Shell denies the remaining allegations in Paragraph 3.6.

3.7     Shell denies the allegations in Paragraph 3.7.

3.8     Shell denies the allegations in Paragraph 3.8.

3.9     Shell denies the allegations in Paragraph 3.9.

3.10    Shell denies the allegations in Paragraph 3.10.

3.11    Shell denies the allegations in Paragraph 3.11.

3.12    Shell lacks sufficient information to form a belief as to the truth of the allegations of the first sentence of Paragraph 3.12 and, therefore, denies the same. Shell denies the remaining allegation of Paragraph 3.12.

3.13    Shell admits that, as part of larger, planned reorganization, the Business Improvement Plan Coordinator position was changed from a job grade "3" to a job grade "4" and that the duties and responsibilities of this position emphasized assurance and the goals of the Technical Assurance Department. Shell admits Plaintiff did not have the appropriate background and experience in assurance for this refocused position. Shell admits it posted this role and selected Dan Peek into the position. Shell admits that Plaintiff and Mr. Peek both held a job grade of "3" at the time Mr. Peek was selected to the position. Except as expressly admitted herein, Shell denies the remaining allegations in Paragraph 3.13.

3.14    Shell denies that it has a "Positive Performance Program" and denies the remaining allegations in Paragraph 3.14.

3.15    Shell admits Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on August 24, 2016. Shell denies the remaining allegations in Paragraph 3.15.

3.16    Shell denies the allegations in Paragraph 3.16.

### IV. FIRST CAUSE OF ACTION: DISABILITY DISCRIMINATION, UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED 42 USC 2000E, *ET SEQ.* AND THE AMERICANS WITH DISABILITIES ACT 42 USC 12132, *ET SEQ.*

4.1  Shell hereby incorporates its responses to Paragraphs 1.1 through 3.16 as if fully set forth herein.

4.2  Shell denies the allegations in Paragraph 4.2.

4.3  Shell denies the allegations in Paragraph 4.3.

4.4  Shell denies the allegations in Paragraph 4.4.

4.5  Shell denies the allegations in Paragraph 4.5.

4.6  Shell denies the allegations in Paragraph 4.6.

4.7  The allegations in Paragraph 4.7 state conclusions of law to which no response is required. To the extent a response is deemed required, Shell denies the allegations.

4.8  The allegations in Paragraph 4.8 state conclusions of law to which no response is required. To the extent a response is deemed required, Shell denies the allegations.

### V. SECOND CAUSE OF ACTION: DISABILITY DISCRIMINATION AND VETERAN STATUS DISCRIMINATION UNDER RCW 49.60 ET SEQ. (WASHINGTON LAW AGAINST DISCRIMINATION)

5.1  Shell hereby incorporates its responses to Paragraphs 1.1 through 4.8 as if fully set forth herein.

5.2  Shell denies the allegations in Paragraph 5.2.

5.3  Shell denies the allegations in Paragraph 5.3.

5.4  Shell denies the allegations in Paragraph 5.4.

5.5  Shell denies the allegations in Paragraph 5.5.

5.6  Shell denies the allegations in Paragraph 5.6.

5.7  The allegations in Paragraph 5.7 state conclusions of law to which no response is required. To the extent a response is deemed required, Shell denies the allegations.

5.8  The allegations in Paragraph 5.8 state conclusions of law to which no response is required. To the extent a response is deemed required, Shell denies the allegations.

## VI. THIRD CAUSE OF ACTION: RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED 42 USC 2000E, ET SEQ. AND THE AMERICANS WITH DISABILITIES ACT 42 USC 12132, ET SEQ.

6.1    Shell hereby incorporates its responses to Paragraphs 1.1 through 5.8 as if fully set forth herein.

6.2    Shell denies the allegations in Paragraph 6.2.

6.3    Shell admits that Plaintiff filed a charge with the EEOC. Shell denies the remaining allegations in Paragraph 6.3.

6.4    Shell denies the allegations in Paragraph 6.4.

6.5    The allegations in Paragraph 6.5 state conclusions of law to which no response is required. To the extent a response is deemed required, Shell denies the allegations.

## VII. FOURTH CAUSE OF ACTION: RETALIATION UNDER RCW 49.60 ET SEQ. (WASHINGTON LAW AGAINST DISCRIMINATION)

7.1    Shell hereby incorporates its responses to Paragraphs 1.1 through 6.5 as if fully set forth herein.

7.2    Shell denies the allegations in Paragraph 7.2.

7.3    Shell admits that Plaintiff filed a charge with the EEOC. Shell denies the remaining allegations in Paragraph 7.3.

7.4    Shell denies the allegations in Paragraph 7.4.

7.5    The allegations in Paragraph 7.5 state conclusions of law to which no response is required. To the extent a response is deemed required, Shell denies the allegations.

## VIII. FIFTH CAUSE OF ACTION: BREACH OF CONTRACT

8.1    Shell hereby incorporates its responses to Paragraphs 1.1 through 7.5 as if fully set forth herein.

8.2    Shell denies the allegations in Paragraph 8.2.

8.3    Shell denies the allegations in Paragraph 8.3.

8.4    Shell lacks sufficient information to form a belief as to the truth of the allegations of the first sentence of Paragraph 8.4 and, therefore, denies the same. Shell denies the remaining allegation of Paragraph 8.4.

– 5 –
DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

8.5     Shell denies it has a "Positive Performance Program" and denies the remaining allegations in Paragraph 8.5.

8.6     Shell denies the allegations in Paragraph 8.6.

## IX. JURY TRIAL

9.1     Shell denies that Plaintiff is entitled to a jury trial on any issues where a jury trial is not a matter of right.

## X. PRAYER FOR RELIEF

Shell denies Plaintiff is entitled to any and all of the relief that he seeks.

## XI. SHELL'S AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint, and each cause of action pleaded, fails to state facts sufficient to constitute a claim upon which any relief may be granted.

### SECOND SEPARATE DEFENSE
### (Statute of Limitations)

One or more of Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations.

### THIRD SEPARATE DEFENSE
### (Failure to Exhaust Administrative Remedies)

One or more of Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff failed to exhaust administrative remedies and statutory prerequisites in a complete and timely manner under applicable law.

### FOURTH SEPARATE DEFENSE
### (Exceeds Scope of Administrative Charge)

To the extent Plaintiff filed an administrative charge with any federal or state agency including, but not limited to, the Washington State Human Rights Commission and/or the Equal Employment Opportunity Commission, Plaintiff's causes of action are barred in whole or in part to the extent they exceed the scope of the charge(s).

## FIFTH SEPARATE DEFENSE
### (After-Acquired Evidence)

Plaintiff's causes of action are barred or mitigated in whole or in part to the extent Shell discovers evidence after-the-fact that is a defense to the claims in the Complaint.

## SIXTH SEPARATE DEFENSE
### (Waiver)

Plaintiff's causes of action are barred in whole or in part by the doctrine of waiver.

## SEVENTH SEPARATE DEFENSE
### (Laches)

Plaintiff's causes of action are barred in whole or in part by the doctrine of laches.

## EIGHTH SEPARATE DEFENSE
### (Estoppel)

Plaintiff's causes of action are barred in whole or in part by Plaintiff's own conduct, acts or omissions and, therefore, he is equitably estopped from recovering on any of his claims for relief.

## NINTH SEPARATE DEFENSE
### (Unclean Hands)

Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff has unclean hands.

## TENTH SEPARATE DEFENSE
### (No Injury)

Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff sustained no injury or damages as a proximate result of any act by or attributable to Shell.

## ELEVENTH SEPARATE DEFENSE
### (Failure to Mitigate)

Plaintiff is not entitled to back pay, front pay and/or other damages or equitable relief to the extent he failed to seek and obtain other employment or otherwise failed to mitigate his alleged loss of wages and/or other damages.

## TWELFTH SEPARATE DEFENSE
### (Privilege or Justification)

Plaintiff's causes of action are barred to the extent any actions and/or omissions attributable to Shell were at all times privileged or justified.

### THIRTEENTH SEPARATE DEFENSE
### (Legitimate Business Reasons)

Plaintiff's causes of action are barred to the extent that any and all conduct Plaintiff complains of or that is attributable to Shell was undertaken for legitimate, non-harassing, non-discriminatory, non-retaliatory business reasons.

### FOURTEENTH SEPARATE DEFENSE
### (Management Discretion)

Plaintiff's causes of action are barred to the extent that the conduct Plaintiff complains or that is attributable to Shell was a just and proper exercise of management discretion undertaken for a fair and honest reason.

### FIFTEENTH SEPARATE DEFENSE
### (Good Faith)

Plaintiff's causes of action are barred to the extent that the conduct Plaintiff complains or that is attributable to Shell was undertaken in good faith and without malice, was a lawful exercise of sound discretion of Shell's legal rights, and was based on a rational, reasonable consideration of the facts.

### SIXTEENTH SEPARATE DEFENSE
### (No Punitive Damages)

Plaintiff is not entitled to recover any punitive damages, and any such allegations should be stricken to the extent Plaintiff failed to plead and cannot prove facts sufficient to support an award of punitive damages.

### SEVENTEENTH SEPARATE DEFENSE
### (Unconstitutionality of Punitive Damages)

Plaintiff's punitive damage claims are barred and should be stricken to the extent they are unconstitutional under the Washington and United States Constitutions.

### EIGHTEENTH SEPARATE DEFENSE
### (Conduct of Plaintiff)

Plaintiff's causes of action are barred because Plaintiff's conduct concerning the matters alleged in the Complaint constitute carelessness, negligence, misconduct, or bad faith, or the Plaintiff was otherwise at fault and any resulting injuries sustained by Plaintiff were proximately caused by the conduct of Plaintiff.

### NINETEENTH SEPARATE DEFENSE
(Setoff)

Without conceding Plaintiff is owed any amount, and as to all of Plaintiff's causes of action, Shell alleges it is entitled to offset against any judgment that may be entered against it all amounts previously paid to Plaintiff in worker's compensation, disability, or any other benefits.

### TWENTIETH SEPARATE DEFENSE
(Spoliation)

To the extent Plaintiff and/or his agents failed to preserve and/or permitted the spoliation of material evidence, such conduct bars Plaintiff from recovering from Shell and/or makes Plaintiff liable for damages to Shell.

### TWENTY-FIRST SEPARATE DEFENSE
(Conduct of Others)

Without conceding Plaintiff is owed any amount, and as to all of Plaintiff's causes of action, Shell alleges it is entitled to offset any judgment that may be entered against it to the extent that other third parties' fault caused or contributed to Plaintiff's damages, if any.

### TWENTY-SECOND SEPARATE DEFENSE
(Avoidable Consequences)

One or more of Plaintiff's claims for relief is subject to the doctrine of avoidable consequences because Shell exercised reasonable care to prevent and correct any alleged discrimination, harassment, or retaliation, and Plaintiff unreasonably failed to use the preventative or corrective measures or otherwise avoid harm/damages.

### TWENTY-THIRD SEPARATE DEFENSE
(No Disability)

One or more of Plaintiff's causes of action may be barred because Plaintiff is not disabled under the Washington Law against Discrimination and/or the Americans with Disabilities Act.

### TWENTY-FOURTH SEPARATE DEFENSE
(No Interactive Process)

One or more of Plaintiff's causes of action may be barred because Plaintiff failed to engage in the interactive process as required under the Washington Law against Discrimination and/or the Americans with Disabilities Act.

### TWENTY-FIFTH SEPARATE DEFENSE
#### (No Accommodation Requested)

One or more of Plaintiff's causes of action may be barred because Plaintiff failed to request any reasonable accommodation.

### TWENTY-SIXTH SEPARATE DEFENSE
#### (Unreasonable Accommodation)

One or more of Plaintiff's causes of action may be barred because any request for an accommodation made by Plaintiff was unreasonable and/or constituted an undue hardship to Shell.

### TWENTY-SEVENTH SEPARATE DEFENSE
#### (No Knowledge)

One or more of Plaintiff's causes of action may be barred because Shell had no actual or constructive knowledge of any alleged disability, request for accommodation, discrimination, or retaliation.

### TWENTY-EIGHTH SEPARATE DEFENSE
#### (Essential Job Functions)

One or more of Plaintiff's causes of action may be barred because no accommodation existed that would permit Plaintiff to perform the essential functions of his position.

## XII. ADDITIONAL DEFENSES

Shell presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional defenses so it reserves the right to assert additional defenses if discovery indicates that additional defenses are appropriate.

## XIII. PRAYER

WHEREFORE, Shell prays for relief as follows:

1. Plaintiff takes nothing and the Complaint is dismissed with prejudice;
2. Judgment for Shell and against Plaintiff on all causes of action;
3. For costs and reasonable attorneys' fees incurred to defend this action; and
4. For such other and further relief as this Court deems proper.

///

DATED: March 22, 2019

                              REED SMITH LLP

                              By: <u>s/ Garrett C. Parks</u>
                                  Michele Haydel Gehrke
                                  Garrett C. Parks
                                  Attorneys for Defendants,
                                  Equilon Enterprises LLC d/b/a Shell Oil Products US

DATED: March 22, 2019

                              WILLIAMS KASTNER & GIBBS PLLC

                              By: <u>s/ Sheryl J. Willert</u>
                                  Sheryl J. Willert
                                  Jeffery M. Wells
                                  Attorneys for Defendants,
                                  Equilon Enterprises LLC d/b/a Shell Oil Products US

DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, CA 94105-3659. On March 22, 2019, I served the following document(s) by the method indicated below:

**DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

☑ by transmitting via email to the parties at the email addresses listed below, through the Court's Case Management/Electronic Case Filing ["CM/ECF"] system, and which CM/ECF system maintains and automatically transmits all documents electronically filed on the Court's website to the parties associated with this case. If any party listed below is not associated with this case on the Court's CM/ECF system.

Tom Mumford  
Buri Funston Mumford & Furlong PLLC  
1601 F Street  
Bellingham, WA 98225  

Attorney for Plaintiff  
Adam Filby  

Email: tom@burifunston.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on March 22, 2019, at San Francisco, California.

_____  
Karen Ellis

PROOF OF SERVICE